UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JUAN JOSÉ B.M.,[1]

        Petitioner,

    v.

WARDEN OF THE CALIFORNIA CITY
DETENTION CENTER, et al.,

        Respondents.

No. 1:26-cv-06164-TLN-SCR

A# 222-561-833

**RELEASE ORDER**

This matter is before the Court on pro se Petitioner Juan José B.M.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition"). (ECF No. 1.) Respondents filed a response. (ECF No. 10.) For the reasons set forth below, the Petition is GRANTED and Respondents are ordered to IMMEDIATELY RELEASE Petitioner.

///

///

---

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

## I.   FACTUAL BACKGROUND

This matter arises out of Petitioner's challenge to his civil immigration detention. Petitioner is a noncitizen who entered the United States without admission in June 2022 and was encountered by U.S. Border Patrol.  (ECF No. 1 at 4; ECF No. 10 at 3–4.)  Petitioner has lived at liberty in the United States for the last four years.  (ECF No. 1 at 4.)  He is a father and primary caregiver to a ten-year-old son.  (*Id.*)  Petitioner has no criminal record and he is not subject to an order of removal.  (*Id.* at 5–6; ECF No. 10 at 4.)

On June 16, 2026, Petitioner was apprehended and placed in detention by immigration authorities.  (ECF No. 1 at 5.)  Petitioner was commuting to work as a passenger in a vehicle when it was stopped for a traffic violation.  (*Id.* at 2.)  Petitioner was detained without notice or a hearing to determine if he poses a flight risk or danger to the community.[2]  (ECF No. 1 at 9.) Petitioner was also detained without immigration charges pending against him.  (*Id.*; ECF No. 10 at 11 (Notice to Appear issued two days after arrest).)

Petitioner has now been detained nearly two months without any hearing as to his detention, despite a written request for a custody determination hearing on the first day of his detention.  (*Id.* at 2; ECF No. 10 at 9.)  Respondents concede that Petitioner is entitled to a custody hearing before an immigration judge, but they have not yet provided one.  (ECF No. 10 at 1.)  Petitioner now challenges the constitutionality of his detention.  (*Id.*)

## II.   STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the

---

[2]     Petitioner also alleges that he was detained without a warrant.  (ECF No. 1 at 2.) Respondents provide an administrative warrant, although the record is not clear whether it was issued before his arrest.  (ECF No. 10 at 7.)

2

Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.   ANALYSIS

Petitioner claims his detention without a hearing violates the Immigration and Nationality Act ("INA") and the Fifth Amendment.[3]  (ECF No. 1 at 7–10.)  Respondents acknowledge that 8 U.S.C. § 1226(a) governs Petitioner's detention and entitles him to a hearing.  (ECF No. 10 at 1 (citing *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026)).)

As to Petitioner's statutory claim, the Ninth Circuit has rejected Respondents' application of 8 U.S.C. § 1225(b)(2) to persons like Petitioner. *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026).  The mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border. *Id.* at *10.  In contrast, individuals like Petitioner who are "present without admission who are apprehended in the interior of the United States," are subject to discretionary detention under 8 U.S.C. § 1226(a). *Id.* at *3.  Indeed, Respondents concede this point.  (ECF No. 10 at 1.)

Section 1226(a) provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022).  Respondents likely violated numerous of these protections owed to Petitioner, but the Court focuses on the point Respondents concede: § 1226(a) entitles Petitioner to a bond hearing.  (ECF No. 10 at 1.)  Indeed, he requested a bond hearing before an immigration judge in writing nearly two months ago.  (ECF No. 10 at 9.)  To date, Petitioner has received no such bond hearing.  Therefore, Respondents have violated

---

[3]   Finding relief warranted on the INA and Fifth Amendment, the Court declines to address Petitioner's additional claims in favor of judicial economy.

8 U.S.C. § 1226(a) and Petitioner's detention is unlawful.

As to Petitioner's constitutional claim, the Court finds Petitioner possesses a protected liberty interest and he was denied the process necessary to ensure any deprivation of that interest accords with the Constitution. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). The record in this case establishes that Petitioner developed a clear interest in his continued freedom protected by the Due Process Clause during his time living freely prior to his current detention. Even if he is subject to removal or his freedom could be revoked by statute, that interest is still protected by the Due Process Clause. *See Hernandez v. Sessions*, 872 F.3d 976, 997 (9th Cir. 2017); *Zadvydas*, 533 U.S. at 693. Upon consideration of the three factors set forth in *Mathews v. Eldridge*, the Court finds Petitioner was owed pre-deprivation notice and a hearing before a neutral decisionmaker to determine whether his detention was justified. 424 U.S. 319, 335 (1976); *see Julio Fernando R.P. v. Andrews*, No. 1:26-CV-05547-TLN-CSK, 2026 WL 2137758, at *2 (E.D. Cal. July 24, 2026) (analyzing the *Mathews* factors and finding similarly). Respondents have not provided Petitioner any hearing as to his detention, either pre- or post-deprivation. Therefore, Respondents have violated the Fifth Amendment in Petitioner's detention.

**IV.   CONCLUSION**

For the foregoing reasons, the Petition for Writ of Habeas Corpus (ECF No. 1) is hereby GRANTED. It is FURTHER ORDERED:

1. Respondents must IMMEDIATELY RELEASE Petitioner Juan José B.M. (A# 222-561-833) from custody under the same conditions as his prior release. At the time of release, Respondents must return all of Petitioner's documents and possessions. Respondents must file a **notice of compliance** with this provision by **August 13, 2026**.

2. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or

4

ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. The Clerk of Court shall serve this Order on the **California City Detention Center**.

4. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: August 10, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

5